## A–CONNOISSEUR TRANSPORTATION CORP., Plaintiff,

v.

## CELEBRITY COACH, INC. and United States Fidelity and Guaranty Insurance Co., Defendants.

### Civ. A. No. 90–10870–MA.

United States District Court,
D. Massachusetts.

Aug. 16, 1990.

Donald J. Stanton, West Newton, Mass., for plaintiff.

Daniel V. Bakinowski, Broude & Hochberg, Boston, Mass., for defendant, Celebrity Coach, Inc.

## MEMORANDUM AND ORDER

MAZZONE, District Judge.

This action comes before me on defendant's motion to dismiss for lack of personal jurisdiction. Fed.R.Civ.P. 12(b)(2). The plaintiff, A–Connoisseur Transportation Corp., a Massachusetts corporation which resided in Revere, Massachusetts during the relevant period, has filed a five count complaint against Celebrity Coach, Inc. ("Celebrity") and United States Fidelity and Guaranty Insurance Co. ("USFG"). Celebrity is a Pennsylvania corporation which resides in Larksville, Pennsylvania. USFG is a Maryland corporation which has a branch office located in Quincy, Massa-

chusetts. Plaintiff alleges that Celebrity breached a contract it had with plaintiff, committed fraud and violated Mass.Gen. Laws c. 93A, c. 231, § 85J and c. 106, § 2–313 in connection with plaintiff's purchase of a customized vehicle from Celebrity. There are no formal claims against USFG. Celebrity has not yet filed a responsive pleading. Rather, it has filed this motion claiming that this court lacks *in personam* jurisdiction over it.

There is significant controversy over many facts. However, this much appears undisputed. Plaintiff operates some sort of limousine service. Celebrity manufactures customized limousines and vans. One of the parties—it is not clear from the record who—initiated contact with the other some time in February, 1988. As a result of this contact, plaintiff requested that Celebrity drive a van from Pennsylvania to Massachusetts for a demonstration for which plaintiff paid a $500 deposit. Apparently this demonstration was fruitful because in early March, the parties signed some kind of agreement to purchase a customized van (the "van") for $45,500. It is unclear what type of agreement was signed. Additionally, plaintiff claims the agreement was signed in Cambridge, Massachusetts; Celebrity claims an agreement was signed in Pennsylvania. However, it is undisputed that the agreement contained a limited warranty provision.

On March 23, 1988, plaintiff picked up the van in Larksville. For reasons that are not entirely clear, the van experienced mechanical difficulties. Plaintiff claims that it was required to bring the van back to Pennsylvania at least six times for repairs; Celebrity admits that it sent an employee to Massachusetts once to retrieve the van. Apparently none of these repair trips cured whatever ailed the van. Celebrity claims—and plaintiff offers no opposition—that it maintains no office, telephone or post office box in Massachusetts, sold only one van in Massachusetts in 1988, has sold only two vans here total, to the best of its memory, and has no form of corporate property in-state.

In its motion to dismiss, Celebrity first argues that this court lacks *in personam* jurisdiction because plaintiff has not carried its burden of proving that such jurisdiction exists. It also argues that an exercise of personal jurisdiction would not comport with the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Plaintiff responds that Celebrity has waived its right to challenge jurisdiction. It also argues that this court has jurisdiction over Celebrity by virtue of 28 U.S.C. § 1332(a). Finally, it claims that under Mass.Gen.Laws c. 93A, defendant has the burden of proof in matters of jurisdiction. It requests that in the event Celebrity has not waived its right to challenge jurisdiction, it be allowed time for discovery, although it does not specify what particular evidence it would seek through such discovery. Plaintiff does not otherwise address the claims in Celebrity's motion.

 Before turning to the merits of Celebrity's motion, I would like to address certain misperceptions of the law plaintiff entertains. First, 28 U.S.C. § 1332(a) gives this court jurisdiction over the *subject matter* of the dispute between citizens of two different states. It does not, however, provide for jurisdiction over the *parties* to that dispute. Massachusetts law determines whether or not this court can exercise jurisdiction over Celebrity. *Bond Leather Co., Inc. v. Q.T. Shoe Mfg. Co., Inc.,* 764 F.2d 928, 931 (1st Cir.1985); *Shipley Co., Inc. v. Clark,* 728 F.Supp. 818, 821 (D.Mass.1990). Second, Celebrity's appearance to file a stipulation to extend time does not constitute a waiver of its right to contest the jurisdiction of this court. It is well settled that a general appearance by a defendant does not waive its right to contest jurisdiction provided that such a challenge is timely made. *Marcial Ucin, S.A. v. S.S. Galicia,* 723 F.2d 994, 997 (1st Cir.1983).[1] Since Celebrity has filed its motion in a timely fashion and prior to the submission of its responsive pleading, I find that it has acted in accordance with Fed.R.Civ.P. 12(b)(2)

---

**1.** The majority of the cases plaintiff has cited to the contrary are inapt because they are *state* cases decided before the passage of the Federal Rules of Civil Procedure.

and has not waived its right to contest the jurisdiction of this court.

As a general matter, when personal jurisdiction over a defendant is challenged, the burden falls on the plaintiff through affidavits and other competent evidence, to make out a prima facie case that personal jurisdiction does exist. *American International Rent–A–Car Corp. v. Cross*, 709 F.Supp. 272 (D.Mass.1989). While plaintiff does not articulate a statutory basis for personal jurisdiction, the facts it alleges in its complaint and accompanying affidavit make it clear that it asserts jurisdiction pursuant to the Massachusetts Long Arm Statute, Mass.Gen.Laws c. 223A, § 3.

■ Celebrity asserts that plaintiff has not offered a prima facie case of personal jurisdiction under the Long Arm Statute. I disagree, although I note that more and better articulated facts from plaintiff would have made it easier to render a decision. Under Mass.Gen.Laws c. 223A, § 3, a court may exercise personal jurisdiction over a non-resident defendant if that defendant, in the Commonwealth, a) transacts any business; b) contracts to supply services or things; c) causes tortious injury by an act or omission here; d) causes tortious injury by an act outside the Commonwealth if it regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered; e) has an interest in real property; f) contracts to insure any person; g) lives here as a party to valid state marriage contract or h) is subject to a state court ordered child support decree.

■ Plaintiff has alleged facts sufficient to establish that Celebrity was transacting business in the Commonwealth. The transacting business provision of c. 223A, § 3 has been construed quite broadly; it reaches any purposeful act by an individual whether personal, private or commercial. *Buckeye Associates, Ltd. v. Fila Sports, Inc.*, 616 F.Supp. 1484, 1491–92 (D.Mass. 1985). Moreover, even an isolated, "one-shot" transaction with little impact on the commerce of the Commonwealth may constitute transacting business. *Id.* at 1492.

The one affirmative limitation on the reach of this provision is that plaintiff's cause of action must arise from that transaction of business. *Marino v. Hyatt Corp.*, 793 F.2d 427, 428 (1st Cir.1986).

■ Applying that generous standard to the instant case reveals that Celebrity indeed transacted business. Specifically, it drove a van to Massachusetts and showed it to plaintiff. According to plaintiff, it also signed a sales agreement while here. Moreover, plaintiff's cause of action arises from the purchase of this van. In my judgment, this activity is sufficient to satisfy c. 223A, § 3. It should be noted that plaintiff alleges that Celebrity transacted business here as a matter of law by advertising in magazines. Plaintiff misperceives the applicable law. Advertising in general trade magazines which happen to circulate in Massachusetts but which are not aimed specifically at Massachusetts residents does not constitute transacting business under the Long Arm Statute. *See Gunner v. Elmwood Dodge, Inc.* 24 Mass.App.Ct. 96, 99, 506 N.E.2d 175, 176 (1987); *Kleinerman v. Morse*, 26 Mass.App.Ct. 819, 822, 533 N.E.2d 221, 224 (1989).

■ However, satisfying the statutory criteria is not enough. It is now axiomatic that a plaintiff must show not only that the Long Arm Statute applies but that its application comports with due process. *Shipley*, 728 F.Supp. at 821. *Good Hope Industries, Inc. v. Ryder Scott Co.*, 378 Mass. 1, 6, 389 N.E.2d 76, 80 (1979). The Due Process Clause of the Fourteenth Amendment requires first that defendant have minimum contacts with the forum. *U.S.S. Yachts, Inc. v. Ocean Yachts, Inc.*, 894 F.2d 9, 11 (1st Cir.1990). Generally, minimum contacts exist if it is shown that a non-resident party reasonably anticipates being haled into another forum's court, or otherwise avails itself of the privilege of conducting activities within that forum, thus invoking the benefits and protections of that forum's laws. *Marine Charter & Storage Ltd., Inc. v. Denison Marine, Inc.*, 701 F.Supp. 930, 933 (D.Mass.1988) (citations omitted). Due process also requires that if such minimum contacts exist, the exercise of personal jurisdiction over the

defendant must comport with traditional notions of fair play and substantial justice. *U.S.S. Yachts*, 894 F.2d at 11.

Celebrity argues that its only contact with Massachusetts was signing the contract of sale. It claims that all contacts it made with Massachusetts, namely driving the van here before the agreement was signed and sending a repair man after it was signed were made in furtherance of the contract itself and do not constitute independent purposeful actions. It further claims that in order to establish constitutionally sufficient minimum contacts, plaintiff must show more than simply that Celebrity signed a contract in Massachusetts, it must show "contracts plus"—evidence of additional purposeful activity conducted in the Commonwealth. Since plaintiff has not made a showing of contracts plus, Celebrity contends, jurisdiction can not constitutionally obtain.

The mere fact that an entity in Massachusetts executes a contract with an entity in another state does not automatically constitute sufficient contact so as to confer a finding of personal jurisdiction. *Ganis Corp. of California v. Jackson*, 822 F.2d 194, 197 (1st Cir.1987). Rather,

> the court is to look at all of the communications and transactions between the parties, before, during and after the consummation of the contract, to determine the degree and type of contacts the defendant has with the forum, apart from the contract alone.

*Id.* at 197–98 (relying on *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 479, 105 S.Ct. 2174, 2185–86, 85 L.Ed.2d 528 (1985)).

The undisputed events which took place before the contract was signed include driving the van to Massachusetts for demonstration purposes.[2] There is a dispute about where the contract at issue was signed but Celebrity has offered nothing to refute plaintiff's claim that it was signed in Massachusetts. The only activity that took place in Massachusetts after the contract

was signed was Celebritys' dispatching of someone to retrieve the van for repairs. This fact was conceded by Celebrity and was not alleged by plaintiff.

In my judgment, these activities are not sufficient to establish constitutional minimum contacts. Three factors inform this conclusion. Celebrity did not come to Massachusetts until it received a specific request—accompanied by a $500 deposit—from plaintiff. Second, as First Circuit law demonstrates, simply signing a contract in Massachusetts is not enough to satisfy a minimum contacts analysis. Thus, even if the relevant contract was signed in Cambridge, this fact alone is not legally sufficient. Third, Celebrity went to Massachusetts once after the contract was signed to drive the van back to Pennsylavania for repairs. Plaintiff, meanwhile, contends that it drove the van to Pennsylvania for repairs at least six times. Moreover, all of these repairs took place in Pennsylvania.

In short, every event that took place in Massachusetts is counterweighted by some factor which indicates a lack of intent on Celebrity's part to establish contacts in Massachusetts. After considering, as well, the fact that Celebrity had no other contacts with Massachusetts, I can not, on the record before me, conclude that Celebrity had any expectation of being haled into a Massachusetts court or any desire to avail itself of the privileges and protections of state law. Under these circumstances, I believe it would be manifestly unfair to require Celebrity to defend itself here. Finally, I see no utility in allowing plaintiff time for discovery. It is too late to discover jurisdictional facts and, in light of my ruling, any other discovery is unnecessary. Accordingly, Celebrity's motion to dismiss for lack of personal jurisdiction is allowed.

SO ORDERED.

---

2. Plaintiff alleges that Celebrity approached it first in February, 1988. However, it does not state with sufficient specificity whether this contact was personal or through advertisements. This distinction is of some importance because advertising is not a sufficient activity alone to satisfy a minimum contacts analysis. In an affidavit from Bud Flynn, Celebrity's General Manager, Celebrity contends that plaintiffs made the first personal contact. Plaintiff does not directly dispute this.