Whitehead, J.
Nature of Proceedings
Plaintiff brings this action to recover the value of an automobile. He alleges that he entrusted the automobile to the defendant in order that the defendant might sell it; the defendant did sell it; the defendant failed to pay over the proceeds to him. The claims are based in contract, conversion and fraud. The defendant has moved to dismiss for want of personal jurisdiction. After a hearing and upon consideration of the written and oral submissions of the parties, the Court allows the motion.
FACTS
Once the issue of personal jurisdiction is raised, the burden rests on the plaintiff to establish facts sufficient to warrant an exercise of jurisdiction. E.g., Good Hope, Ind. v. Ryder, 378 Mass. 13 (1989). Based upon the affidavits submitted by the parties, the Court determines the facts, for purposes of the motion to dismiss only, to be as follows.
Neither the plaintiff nor the defendant is a resident of Massachusetts. The plaintiff currently resides “outside of the United States." The defendant resides in New Hampshire. In 1992, the plaintiff resided in Massachusetts. He opened a business in New Hampshire which specialized in the sale of rare automobiles. That business was known as “Old New England Sports Car Company, Inc.” (“Old New England”). It was not registered to do business in Massachusetts pursuant to G.L.c. 181, §4.
The defendant sold automobiles for Old New England on a commission basis. During the period that he did so, he never sold an automobile in Massachusetts.
In 1992, the defendant met the plaintiff at the plaintiffs residence in Massachusetts. During the meeting, the plaintiff entrusted to the defendant a particular Ferrari, the vehicle in question. The parties agreed that the defendant would sell the vehicle. There is a dispute as to what was to be done with the proceeds. The plaintiff contends that the proceeds were to be forwarded to him. The defendant contends that he was to keep the proceeds as compensation for past services rendered.
In any event, the defendant transported the vehicle to New Hampshire, where he displayed it and attempted to sell it. At some point, also in New Hampshire, the plaintiff tendered to the defendant a blank bill of sale. The plaintiff contends that he did so in order to enable the defendant to convey title in writing to any prospective buyer. The defendant contends that the plaintiff did so in order to convey title in writing to the defendant.
Ultimately, the defendant transported the vehicle to Arizona, where he sold it.
*358 DISCUSSION
General Laws, c. 223A, §3, the Commonwealth’s “longarm statute,” provides in pertinent part:
A court may exercise personal jurisdiction over a person ... as to a cause of action in law or equity arising from that person’s: (a) Transacting any business in the Commonwealth; (b) Contracting to supply services or things in this Commonwealth; (c) Causing tortious injury by act or omission in this Commonwealth; (d) Causing tortious injury in this Commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth...
In the view of the Court, the actions, of the defendant have subjected him to Massachusetts jurisdiction under the statute. By travelling to Massachusetts and accepting the Ferrari from the plaintiff and by agreeing in Massachusetts to sell the vehicle on a consignment basis (if that is, indeed, what occurred), the plaintiff has “transacted business” within the Commonwealth. Of course, the action arises out of that business transaction. Furthermore, if the defendant acquired the vehicle by fraud, as the plaintiff alleges, that fraud occurred within the Commonwealth, and hence, the defendant has “caused tortious injury by an act or omission in this Commonwealth.”
However, even where the actions of a defendant fall within the reach of the “longarm statute,” personal jurisdiction does not lie over him unless an exercise of such jurisdiction comports with due process. Good Hope Industries, supra at 5-6. In that regard, the defendant must have certain minimum contacts with the forum state. Such contacts exist if the defendant could reasonably have anticipated being brought before the courts of the forum state or if he “purposefully avail[ed] himself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of that state’s laws.” Hanson v. Denkla, 357 U.S. 235, 253 (1985). Ultimately, the exercise of personal jurisdiction over the defendant must comport with “traditional notions of fair play and substantial justice.” International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).
As the United States District Court for the District of Massachusetts has observed, “The mere fact that an entity in Massachusetts executes a contract with an entity from another state does not automatically constitute sufficient contact so as to confer a finding of personal jurisdiction.” A-Connoisseur Transportation Corp. v. Coach, Inc., 742 F.Supp. 39, 42 (D.Mass. 1990) (citations omitted). Rather, a court must look at all of the communications and transactions which surrounded the making of the contract. Id.
Here, the only events which happened in Massachusetts were the formation of the agreement (whatever the agreement may actually have been) and receipt of the vehicle. So far as appears, all other relations between the parties occurred outside of Massachusetts. Most particularly, all other events surrounding the sale of this vehicle occurred outside of Massachusetts. The vehicle was displayed, at least initially, in New Hampshire, where both parties generally conducted their business. The bill of sale was tendered in New Hampshire. The vehicle was actually sold to a third party in Arizona.
On these facts, the Court cannot conclude that the defendant intended to establish contacts in Massachusetts or to avail himself of the privileges and protections of Massachusetts, or that he had any expectation of being brought into the Courts of Massachusetts. Accordingly, it would not comport with “traditional notices of fair play and established justice” to require him to defend himself here. Compare A-Connoisseur Transportation Corp. v. Celebrity Coach, Inc., supra.
ORDER
It is hereby ORDERED that the defendant’s motion to dismiss be ALLOWED.