609 F.Supp. 358 (1984)
ALUMINUM HOUSEWARES CO., INC., Plaintiff,
v.
CHIP CLIP CORPORATION, a corporation, and George A. Welch, an individual, Defendants.
No. 84-0477 C (5).
United States District Court, E.D. Missouri, E.D.
June 25, 1984.
Reconsideration Denied September 14, 1984.
*359 Ralph W. Kalish and Peter S. Gilster, St. Louis, Mo., for plaintiff.
*360 Irving Powers and Frank B. Janoski, Senniger, Powers, Levitt and Roedel, St. Louis, Mo., for defendants; John Karucz, Ronald R. Santucci, Kane Dalsimer, Kane, Sullivan and Karucz, New York City, of counsel.

MEMORANDUM
LIMBAUGH, District Judge.
This matter is before the Court on defendants' motion to quash service and to dismiss with supporting memoranda. Plaintiffs have filed responsive pleadings.
Plaintiff's complaint for declaratory judgment is filed pursuant to 28 U.S.C. § 2201, the cause of action arising under the federal patent laws. Jurisdiction is sought under 28 U.S.C. § 1338 and Missouri Revised Statute § 506.500(1). Venue is sought under 28 U.S.C. § 1391(c).
Plaintiff and defendant Chip Clip Corporation are competitors with respect to the manufacture and sale of a certain household item, namely a clamp device for keeping food bags closed. Plaintiff is the owner and seller of a clamp device marketed nationally as "Super Clip". Defendant Chip Clip Corporation is the owner of all rights, title and interest to a clamp device marketed as "Chip Clip" and with patent no. 4,394,791. Defendant Welch is the owner of a clamp device which he granted defendant Chip Clip a license to market under its corporate name and with patent no. 4,356,600. Plaintiff is seeking a declaratory judgment that its "Super Clip" does not infringe United States Patent Numbers 4,394,791 which is assigned to defendant Chip Clip and 4,356,600 which is owned by defendant Welch and under which defendant Chip Clip is licensed, and that these patents are invalid.
Plaintiff brings this action because it believes that defendants may themselves file a patent infringement suit against plaintiff in the near future. Plaintiff bases this belief on answers to interrogatories filed by defendants in a pending International Trade Commission (ITC) investigation. Defendant Chip Clip Corporation instituted an ITC investigation against plaintiff in regard to the sale of plaintiff's Model E Super Clip. In response to interrogatories posed by plaintiff, defendant Chip Clip stated that it considered plaintiff's product to infringe on the patents-in-suit in the ITC investigation.
Settlement negotiations in the ITC investigation broke down apparently because plaintiff began to import for sale Super Clip Model E2. Ultimately, the parties entered into a settlement agreement which only covers Super Clip Model E. Defendant Chip Clip sought to withdraw from this settlement agreement, but withdrawal was denied. Plaintiff now fears that defendants will seek redress as to Super Clip Model E2 either through a new ITC proceeding or a federal civil suit for patent infringement.
Defendants argue that service of process is ineffective because neither defendant is subject to the personal jurisdiction of this Court, that the venue is improper and that this Court lacks subject matter jurisdiction. After reviewing all pertinent pleadings and exhibits, this Court determines that personal jurisdiction and venue are proper, as to only defendant Chip Clip; therefore, service of process on this defendant only was effective. The Court further finds that although it has proper subject matter jurisdiction, for reasons to be stated, it declines to exercise such jurisdiction.

Personal Jurisdiction
In order to subject defendants to the personal jurisdiction of Missouri courts, defendants' contacts with Missouri must satisfy the requirements of Missouri's longarm statute, R.S.Mo. § 506.500 and the due process requirements of "minimum contacts". International Shoe v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945); Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958); Sales Service, Inc. v. Daewood International Corporation, 719 F.2d 971, 972 (8th C 1983); Scullin Steel v. National Railway Utilization Corporation, 676 F.2d 309, 312 (8th C 1982). Furthermore, *361 such contacts with Missouri must have been of a nature and quantity that the defendants "purposefully availed themselves" of the benefits and protection of the forum states laws. Worldwide Volkswagon v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); Kulko v. California Superior Court, 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978); Shaffer v. Heitner, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977). Essentially, defendants must have had sufficient minimum contacts with Missouri to satisfy the constitutional safeguards in order that maintenance of any legal action in Missouri against defendants does not "offend the traditional notions of fair play and substantial justice." International Shoe v. Washington, 326 U.S. at 310, 316, 66 S.Ct. at 154, 158; Daewood, at 973, Land O'Nod Co. v. Bassett Furniture Industries, 708 F.2d 1338, 1340 (8th C 1983); Scullin Steel, at 313.
Missouri Revised Statute § 506.500 specifies certain acts for which a non-resident defendant can be subjected to the jurisdiction of Missouri courts. Section 506.500.1(1) permits a Missouri court to exercise personal jurisdiction over a nonresident defendant where the cause of action asserted stems from the non-resident defendant's "transaction of any business within this state". Missouri courts have liberally construed this statutory phrase in long-arm jurisdiction consideration. Daewood, at 972; Scullin Steel, at 312. Section 506.500.2. Missouri courts, however, require the activities within the forum state to give rise, either directly or indirectly, to the asserted cause of action. Daewood, at 972; Scullin Steel, at 312 citing Missouri state case law.
Defendant Chip Clip Corporation is a Michigan corporation with its principal place of business in Dearborn, Michigan. Defendant Welch is a resident of Alabama. Defendant Chip Clip is not licensed to do business in Missouri; does not lease or own property in Missouri; has no agent for service of process, bank account, office, or telephone listing in Missouri; nor has any agent, employee, or corporate officer solicited or promoted sales of any of its products in Missouri. Defendant Chip Clip does not advertise in Missouri nor does it manufacture or purchase goods in Missouri. It has not committed any tortious act in Missouri nor contracted to insure within Missouri. The point of contention between the parties is whether defendant Chip Clip has transacted any business in Missouri. Defendant Chip Clip admits that certain of its products are sold in Missouri through an independent manufacturer's representative, Blayney Marketing of Glendale, Missouri. These sales represent approximately ½ of 1% of defendant Chip Clip's total national sales. Defendant Chip Clip provided this Court with a six months sales figure in Missouri (August, 1983 to January, 1983) of $3,552.87. Defendants consider such sales to be insignificant and not satisfying the "minimum contacts" rule and furthermore to be unrelated to this cause of action. Plaintiff argues that the six months period does not properly reflect the extent of sales in Missouri and provides evidence that these sales do include the contested "Chip Clip" device. Plaintiff also argues that the licensing agreement between defendants establishes a basis for exercising jurisdiction over defendant Welch.
The Court finds that defendant Chip Clip has transacted business in Missouri thereby subjecting itself to the jurisdiction of Missouri courts. It has a business relationship with a Missouri distributor and its products, including those with the contested patents, are sold in stores located in Missouri. Although the sales figures reported are small, they are such as to satisfy the requirements of due process. Since it is evident that these sales include the patents involved in this cause of action, then it is also evident that the patent infringement action asserted by plaintiff arises from defendant Chip Clip's contacts with Missouri.
However, the Court does not find that jurisdiction can be properly exercised over defendant Welch. Defendant Welch is a resident of Alabama and has had no *362 contact with Missouri as required by the Missouri long-arm statute. Plaintiff cites no authority for its argument that a licensing agreement between two non-resident defendants establishes the basis for long-arm jurisdiction when one of the non-resident defendants has had no contact with the forum state.

Venue
Venue is asserted pursuant to 28 U.S.C. § 1391(c) which provides in pertinent part:
"A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes."
The issue of venue as to defendant Welch is moot in light of this Court's finding that personal jurisdiction cannot be exercised over this defendant.
As to defendant Chip Clip, the Court finds that venue properly lies within this Court's jurisdiction. Defendant Chip Clip transacted business in this district as is evidenced by the establishment of a marketing relationship with a manufacturer's representative whose place of business is within this district and the sales of defendant Chip Clip's closure clip within this district. Once again, these sales are small in quantity but are sufficient to maintain proper venue for this cause of action.
Since this Court finds jurisdiction and venue proper as to defendant Chip Clip, defendants' motion to quash service of process will be denied with regard to defendant Chip Clip. On the other hand, jurisdiction and venue are not proper as to defendant Welch, therefore the motion to quash service of process will be granted as to defendant Welch.

Subject Matter Jurisdiction
Declaratory judgment actions involving patent infringement are commonly brought by a party who may be considered to be an infringer, therefore the party seeks a declaration that it is not an infringer or that the patent is invalid. Such actions, as is the present one, are brought pursuant to 28 U.S.C. § 2201, the Declaratory Judgment Act (hereinafter referred to as D.J.A.). The D.J.A. in and of itself does not confer subject matter jurisdiction on the federal courts. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); First Federal Savings and Loan Association of Harrison, Arkansas v. Anderson, 681 F.2d 528 (8th C 1982).
The Declaratory Judgment Act only allows the Courts to entertain civil actions involving an actual controversy between the parties. Aetna Life Insurance Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617 (1937).
Whether an actual controversy exists is often a critical issue in patent litigation under the D.J.A. The criteria for determining if an actual controversy exists involves two points. First, there must be some threat of suit, i.e. an express or implied accusation of patent infringement which creates a real and reasonable fear in the plaintiff that it will be subjected to suit in the near future. No express "threat" is required, simply some basis for creating reasonable apprehension of future litigation between the parties. The "threat" may be implied by the defendant's conduct in asserting the invalidity of the plaintiff's patent such as letters to the plaintiff or contacting plaintiff's customers. Sherwood Medical Industries v. Deknatel, 512 F.2d 724, 727 (8th C 1975); Electro Medical Systems v. Medical Plastics, 393 F.Supp. 617 (D.Minn.1975); Medtronic, Inc. v. American Optical Corp., 327 F.Sup. 1327 (D.Minn.1971); Owatonna Mfg. Co. v. Melroe Co., 301 F.Supp. 1296 (D.Minn.1969); see, also Wright & Miller, Federal Practice and Procedure: Civil § 2761.
Second, the plaintiff must possess the immediate intention and ability to produce the accused patented article. At least substantial preparations for production must exist. Northern Telecom, Inc. v. Wang Laboratories, 543 F.Supp. 1026 (D.Mass. 1982).
*363 In response to certain interrogatories filed by plaintiff in the ITC investigation, defendant Chip Clip indicated that it considered Model 2E to be infringing upon its patents 4,394,791 and 4,356,600. The series of letters sent between the parties clearly depicts a growing controversy as to the validity of the patents. Finally, after settlement papers in the ITC investigation were signed, defendant attempted to renege due to discovery of plaintiff's revised construction of its clamp closure device  Model E2. Plaintiff has produced a sample of Model E2 for defendant's inspection. The marketing potential of Model E2 must have been significant enough for defendant Chip Clip to attempt to include Model E2 into the settlement terms.
These findings are sufficient to invoke proper subject matter jurisdiction. Even so, the Court declines to exercise its jurisdiction. Declaratory judgment jurisdiction, under § 2201 and Rule 57 is discretionary and not mandatory. Twin City Federal Savings and Loan Assn. v. Gelhar, 525 F.Supp. 802 (D.Minn.1981), aff'd 681 F.2d 528 (8th C 1982); Employers Mutual Casualty Co. v. El Dorado Springs, R-2 School District, 264 F.Supp. 669 (D.Mo.1967). One factor that a district court may consider in determining whether to declare rights or not is the availability of an adequate alternative remedy. See, Mission Insurance Co. v. Puritan Fashions Corp., 706 F.2d 599 (5th C 1983).
The Court finds that an adequate alternative remedy to this Court's intervention exists. The International Trade Commission has shown itself to be extremely competent in handling these problems. In fact, its proceedings provided the catalyst for a settlement between these same parties with respect to Model E. If these parties wish to pursue their disagreement over the patents, the Court believes that the ITC is in a better position to investigate the facts and address and resolve those issues. The expertise of the ITC in patent matters, such as the present one, provides for a fairer and certainly more knowledgeable forum in which the parties can present their cases. Therefore, this cause will be dismissed without prejudice.