**Harold RHODES, Marcia Rhodes, Moe Goldy, and Elayne Goldy, Plaintiffs,**

v.

**Thomas V. TALLARICO and Professional Numismatists Guild, Inc., Defendants.**

**Civ. A. No. 90–40101–XX.**

United States District Court, D. Massachusetts.

Oct. 30, 1990.

Andrea D. Hogarth, Mendon, Mass., for plaintiffs.

Cornelius Moynihan, Jr., Carla Rogers, Peabody & Brown, Boston, Mass., David L. Ganz, Ganz, Hollinger & Towe, New York City, for Professional Numismatists Guild, Inc.

ORDER ON DEFENDANT PROFESSIONAL NUMISMATISTS GUILD, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

SKINNER, District Judge.

This is an action brought by two couples against a rare coin dealer and a numismatic organization for breach of warranty, mis-

representation, unfair and deceptive trade practices, and negligence. The defendant Professional Numismatists Guild, Inc. ("PNG") has moved to dismiss the action for lack of personal jurisdiction.

In diversity cases, "the district court's personal jurisdiction over a non-resident defendant is governed by the forum's long-arm statute." *Pizarro v. Hoteles Concorde International, C.A.*, 907 F.2d 1256, 1258 (1st Cir.1990) (citations omitted). The inquiry involves two questions: "(1) is the assertion of jurisdiction authorized by statute, and (2) if authorized, is the exercise of jurisdiction under State law consistent with basic due process requirements mandated by the United States Constitution? Jurisdiction is permissible only when both questions draw affirmative responses." *Good Hope Industries, Inc. v. Ryder Scott Co.*, 378 Mass. 1, 389 N.E.2d 76, 79 (1979).

The amended complaint asserts personal jurisdiction under sections 3(a) and (c) of Massachusetts's long-arm statute. These sections provide:

A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's (a) transacting any business in this commonwealth; ...

(c) causing tortious injury by an act or omission in this commonwealth....

M.G.L. c. 223A, § 3(a), (c).

The facts are not in dispute. PNG is a nonprofit Ohio corporation with its principal place of business in California. There are two employees of PNG, both of whom are located in California. PNG has never had any meetings in Massachusetts, has no bank account in Massachusetts, and has no telephone listing in Massachusetts. Of its approximately 300 members, 11 are in Massachusetts. The only contact PNG has with these members is through first class mail and occasional telephone calls. According to the declaration of Paul Koppenhaver, Executive Director of PNG, PNG's official publication has no known subscribers in Massachusetts, other than the 11 PNG members. The only product PNG ships to Massachusetts is a directory of its members that is mailed free of charge to anyone who requests it. PNG handles complaints against members who are alleged violators of the organization's code of ethics. PNG advertises in *Coin World* and *Numismatic News*, two national publications "which may or may not have subscribers in Massachusetts." (Koppenhaver Decl., ¶ 36)

The plaintiffs claim that PNG could reasonably expect that its advertising in *Coin World* and *Numismatic News* would reach Massachusetts residents. According to the plaintiffs, in return for annual dues the PNG solicits business for its members by endorsing them in its advertising. The plaintiffs assert that PNG controls its members through its membership requirements.

The Appeals Court of Massachusetts has held that "the dissemination, on a persistent basis, of advertising, print and electronic, aimed at cultivating a market area in Massachusetts, without any other contact in Massachusetts" constitutes "transacting business" for purposes of M.G.L. c. 223A, § 3(a). *Gunner v. Elmwood Dodge, Inc.*, 24 Mass.App.Ct. 96, 506 N.E.2d 175, 175 (1987). The court noted, however, that "[a]dvertisements in general trade magazines which happen to circulate in the forum State, but which are not aimed at customers in a particular area, do not effect the requisite minimum contact." 506 N.E.2d at 176. PNG's trade magazines do not appear to be aimed specifically at Massachusetts customers. PNG's advertising, therefore, does not subject it to jurisdiction under Massachusetts's long-arm statute. Another court has held that a "professional association does not 'transact business' in a judicial district merely because some of its members reside in the district and receive the association's publications there." *Friends of Animals, Inc. v. American Veterinary Medical Ass'n*, 310 F.Supp. 620, 624 (S.D.N.Y.1970) (citation omitted).

The plaintiffs point to *Kehoe v. Boat Sara T., Inc.*, 653 F.Supp. 853 (D.Mass. 1987) as establishing jurisdiction over corporations whose advertising could be expected to reach Massachusetts. *Kehoe*

 

should be distinguished from this case, however; in *Kehoe,* the defendant's contacts with the forum state included performing over $500,000 worth of services on Massachusetts-based boats. 653 F.Supp. at 854.

■ The plaintiffs also claim that the court has jurisdiction over PNG because it controls its members in Massachusetts. Our court of appeals recently has analyzed the constitutionally required minimum contacts for unincorporated associations. First, the court must "make a factual determination concerning the extent to which the unincorporated association itself does business in, or has minimum contacts with, the forum." *Donatelli v. National Hockey League,* 893 F.2d 459, 468 (1st Cir.1990). In this case, I already have determined that PNG itself does not do business in Massachusetts. Next, the court must ascertain whether any of the association's members possesses the requisite minimum contacts. 893 F.2d at 469. In this case, defendant Mr. Tallarico does possess minimum contacts with Massachusetts. Finally, the court must assess the extent of control exercised by the association over its members: "The barometer for control, we think, is whether or not the association exercised substantial influence over the member's decision to carry on the in-forum activities which constitute the relevant 'minimum contacts.' " *Id.* There is no evidence that PNG exercised any influence over Mr. Tallarico's or any other member's decision to perform any services in Massachusetts. Particularly since PNG is a corporate entity separate from its members, not an unincorporated association, plaintiffs' jurisdictional argument under *Donatelli* must fail. *See also Health Care Equalization Committee v. Iowa Medical Soc.,* 851 F.2d 1020, 1030–31 (8th Cir.1988) (holding that the district court could not exercise personal jurisdiction over a professional association because the plaintiff drew no direct connection between the defendant's adoption of a code of ethics for its members and its limited activities in the forum state).

Plaintiffs have not shown that PNG's contacts with Massachusetts satisfy any of the provisions of M.G.L. c. 223A, § 3.

Accordingly, defendant Professional Numismatists Guild, Inc.'s motion to dismiss for lack of personal jurisdiction is allowed.