**UNISTRUT CORPORATION
and Unistrut Spaceframe
Systems, Plaintiffs,**

v.

**Phillip M. BALDWIN, individually,
Defendant.**

No. 92–76793.

United States District Court,
E.D. Michigan, S.D.

Feb. 22, 1993.

---

R. Terrance Rader, Robert L. Kelly, Dykema Gossett, Bloomfield Hills, MI, for plaintiffs.

Steven Sumner, Dallas, TX, for defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF IN PERSONAM JURISDICTION OVER DEFENDANT AND ORDER DENYING DEFENDANT'S MOTION FOR SANCTIONS

GADOLA, District Judge.

On November 24, 1992, plaintiffs filed suit seeking a declaratory judgment on the validity of a patent owned by defendant. On December 29, 1992, defendant filed the instant motion to dismiss for lack of personal jurisdiction or, in the alternative, to transfer venue, and motion for sanctions. Plaintiffs filed a response December 28, 1992; and plaintiffs filed a supplemental response January 4, 1993. No reply was filed. On February 17, 1993, defendant filed an affidavit in support of his motion.

### I. Facts

Defendant, a resident and citizen of the state of Texas, is the owner of patent number 3,921,360. Plaintiffs, Unistrut Corporation and Unistrut Spaceframe Systems, Inc., are Delaware corporations with their principal places of business in Michigan.

By letter dated July 9, 1992, defendant, through his counsel, informed plaintiff Unistrut Corporation that defendant believes plaintiffs' System III and System V Spaceframes are infringing defendant's patent rights. Defendant threatened to sue if plaintiffs did not make an offer to compensate defendant. Plaintiffs responded by letter dated July 27, 1992, stating that plaintiffs believe defendant's claim of infringement is frivolous.

Defendant's counsel sent a second letter October 22, 1992, reiterating both his claim and his threat to sue. Plaintiffs' counsel responded by telephone, telefax and by a letter dated October 23, 1992. On October 26, 1992, the parties again spoke via telephone; and, on that day, plaintiffs's counsel sent defendant's counsel some legal research allegedly establishing that defendant's claim is frivolous.

In a third telephone conversation October 30, 1992, defendant's counsel indicated they were still reviewing the materials sent them by plaintiffs' counsel. On November 20, 1992, counsel for the parties spoke again. In that conversation plaintiffs' counsel agreed to conduct some legal research on a certain point; and defendant's counsel warned that defendant was planning to file suit by November 27, 1992.

On November 23, 1992, defendant's counsel sent a letter via facsimile indicating that their new target date for filing suit was November 25, 1992. On November 24, 1992, defendant's counsel sent another letter via facsimile indicating that defendant would file suit by noon Dallas time, November 25, 1992. On November 24, 1992, plaintiffs filed the instant suit seeking declaratory relief. Defendant was served in Texas on November 25, 1992.

In his affidavit submitted to the court February 17, 1993, defendant claims that he has at no time relevant to this lawsuit traveled to, resided in, or transacted business in the state of Michigan.

### II. Analysis

■ The issue before this court is whether this court has *in personam* jurisdiction over defendant Baldwin, a non-resident, who was

not served within the state of Michigan. Plaintiffs bear the burden of establishing the existence of *in personam* jurisdiction. *American Freedom Train Found. v. Spurney,* 747 F.2d 1069, 1075 (1st Cir.1984).

Whether personal jurisdiction exists depends upon two distinct considerations: first, whether there exists a state rule or statute which potentially confers personal jurisdiction over the out-of-state defendant, Fed.R.Civ.Pro. 4(e); and second, whether the application of such rule is in accord with constitutional principles of due process. *Kransco Mfg. Inc. v. Markwitz,* 656 F.2d 1376, 1377 (9th Cir.1981). Because the court finds, *infra,* that there is no personal jurisdiction under the Michigan long-arm statute, the court need not address the second prong of the personal jurisdiction analysis.

There exist two Michigan long-arm statutes governing when a Michigan forum may assert personal jurisdiction over a non-resident individual. The first addresses general personal jurisdiction. Mich.Comp.Laws Ann. § 600.701 (1979). The second addresses specific or limited personal jurisdiction. Mich.Comp.Laws Ann. § 600.705 (1979). General jurisdiction exists when the plaintiff's cause of action is unrelated to the defendant's in-state activities. *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414 n. 9, 104 S.Ct. 1868, 1872 n. 9, 80 L.Ed.2d 404 (1984). Specific jurisdiction exists when the plaintiff's cause of action arises out of the defendant's contacts with the forum. *Id* at n. 8.

Plaintiffs contend that the fact that defendant sent into Michigan letters and telefax transmissions threatening to bring suit is sufficient by itself to establish specific personal jurisdiction. The court disagrees. The case at hand seeks declaratory judgment as to certain patent rights. While it is true that institution of the action was sparked by defendant's letters requesting compensation for plaintiffs' alleged infringement on defendant's patent, these letters did not cause the alleged patent infringement that is ultimately the subject of this suit. The transaction at issue here is essentially the granting, in Washington, D.C., of a patent which plaintiffs

are alleging is invalid. *KVH Indus., Inc. v. Moore,* 789 F.Supp. 69, 71 (D.R.I.1992); *Starline Optical Corp. v. Caldwell,* 598 F.Supp. 1023, 1026 (D.N.J.1984). Thus, the type of personal jurisdiction at issue in this case is not specific but general personal jurisdiction.

Under Michigan law, there are only three ways to establish general personal jurisdiction over a non-resident defendant: (1) where the defendant is present in the state at the time when process is served; (2) where the defendant is domiciled in the state when the process is served; and (3) when the defendant consents to be sued in a Michigan forum, either expressly or implicitly. Mich. Comp.Laws Ann. § 600.701 (1979). In the case at hand, the defendant was neither present nor domiciled in the state of Michigan at the time process was served; and defendant has not been accused of any act which would constitute implicit consent to being sued in this forum. Thus, this court does not have the power to exercise personal jurisdiction over the defendant in this case.

Because plaintiffs do not address the defendant's alternative motion to transfer venue except to state that such motion should be denied, the court also will not address the alternative motion but will dismiss plaintiffs' case without prejudice. Plaintiffs do request, however, that in the event the court is inclined to grant defendant's motion to dismiss, plaintiffs be given 60 days for discovery, limited to the issues of jurisdiction and venue. Because defendant has testified by way of affidavit that he has had no relevant contacts with the state of Michigan, and because the court will dismiss plaintiffs' case without prejudice, plaintiffs' request for 60 days discovery will not be granted. Plaintiffs are free to reinstitute this action in the event they discover facts which would support a finding of general or limited personal jurisdiction under Mich.Comp.Laws.Ann. §§ 600.-701 or 600.705 (1979).

### III. Defendant's Motion for Sanctions

Defendant moves for sanctions under Rule 11 of the Federal Rules of Civil Procedure. Rule 11 calls for sanctions to be imposed upon any person who signs a pleading,

motion or other paper without the knowledge, information or belief, formed after reasonable inquiry, that such pleading, motion or other paper is well grounded in fact and warranted by existing law. Fed.R.Civ.Pro. 11. In the case at hand, the court finds that plaintiffs' complaint was filed with the good faith belief that venue might have been proper in this forum. For this reason, the court will deny defendant's request for sanctions.

### ORDER

Therefore, it is hereby **ORDERED** that defendant's motion to dismiss for lack of personal jurisdiction is **GRANTED,** without prejudice.

It is further **ORDERED** that defendant's motion for sanctions is hereby **DENIED.**

**SO ORDERED.**