**POLAROID CORPORATION, Plaintiff,**

v.

**David FEELY, Defendant.**

**Civ. A. No. 94–12493–WGY.**

United States District Court, D. Massachusetts.

June 22, 1995.

Bruce R. Parker, Teresa Martland, Foley, Hoag & Eliot, Boston, MA, for plaintiff.

David Feely, pro se.

## MEMORANDUM AND ORDER

YOUNG, District Judge.

David Feely ("Feely"), the defendant here, moves to dismiss the declaratory judgment action of the plaintiff Polaroid Corporation ("Polaroid") on the ground that either this Court lacks personal jurisdiction or, in the alternative, that venue is improper.

### I. BACKGROUND

The jurisdictional facts are undisputed. Polaroid is the owner of a federal registration for the trademark PROCAM for use with "self-developing Photographic Cameras." *See* Complaint, Exh. A. Polaroid filed its application to register this trademark (with a first use in commerce date of January 29, 1993) on November 15, 1993. *Id.* The application was published for opposition on August 9, 1994. Neither Feely nor anyone else opposed the registration.

On December 2, 1994, Feely, represented by the law firm of Cimino & Jirak, sent a written demand letter to Polaroid's Massachusetts headquarters claiming that he used the trade name PROCAM as the name of his Longmont, Colorado camera repair shop. In addition, he informed Polaroid that if it did not cease and desist from all use of the

PROCAM name within ten days, Feely would proceed with litigation against Polaroid in order to preserve all of his alleged trademark rights. Complaint, Exh. B. Polaroid responded by filing suit in this Court seeking a declaratory judgment.

## II. PROCEDURAL POSTURE

On January 31, 1995, Feely, inexplicably acting *pro se,* filed a motion to dismiss "Defendant's Special Appearance and Verified Motion to Dismiss or Quash for Insufficiency of Service and Lack of Jurisdiction over the Defendant" (the "Original Motion"). Feely's memorandum in support of that motion failed to establish any independent basis for the lack of personal jurisdiction defense other than the allegedly insufficient service of process.

This Court set oral argument for Monday, March 27, 1995, at the New England School of Law. On the Friday before the Motion Session, Feely—now represented by counsel—filed a "Motion for Leave to File Amended Motion to Dismiss or For Change of Venue" ("Amended Motion") in order to further develop the lack of personal jurisdiction argument and to assert for the first time the claim of improper venue. At the hearing, Polaroid argued that the jurisdiction and venue defenses were waived because Feely failed properly to raise them in the Original Motion. The Court took the waiver question under advisement and denied Feely's motion to dismiss for lack of service of process.[1]

## III. DISCUSSION

### A. Waiver

Under Federal Rule of Civil Procedure 12(h) the defenses of lack of personal jurisdiction, improper venue, insufficiency of process, and insufficiency of service of process are waived if they are not included in a preliminary motion under Rule 12, or if no such motion is made, they are not included in the first responsive pleading. FED.R.CIV.P. 12(h); *see also* 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE 2D § 1391 (1990). Rule 12(h) waiver is mandatory, not discretionary, and the First Circuit has consistently applied a strict waiver rule to such cases. *See Manchester Knitted Fashions, Inc. v. Amalgamated Cotton Garment and Allied Indus. Fund,* 967 F.2d 688, 691–92 (1st Cir.1992) (defendants wishing to raise defenses listed in Rule 12[h] must do so in their first defensive move, be it a Rule 12 motion or a responsive pleading); *Pilgrim Badge & Label Corp. v. Barrios,* 857 F.2d 1, 3 (1st Cir. 1988) (defense of lack of personal jurisdiction waived where not raised in motion to dismiss). Polaroid, therefore, argues that because Feely did not properly assert the defenses of lack of personal jurisdiction or improper venue in the Original Motion, he has waived his right to assert each of these defenses now.

With respect to the defense of lack of personal jurisdiction, however, Polaroid's argument fails. Although the defense of lack of personal jurisdiction was not *developed* in Feely's brief, this defense *was* stated in the title of the Original Motion. Because Feely filed the Original Motion *pro se,* this Court must read the motion with all intendments in favor of Feely. *See Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976) (courts have an obligation liberally to construe the pleadings of a *pro se* litigant); *Rockwell v. Cape Cod Hosp.,* 26 F.3d 254, 255 (1st Cir.1994) (same). Polaroid counters that

---

1. Feely argued that under Colorado Local Rules, service was ineffective because the individual who signed for the papers was not his agent for acceptance of service of process, stenographer, bookkeeper, or chief clerk. COLO.R.CIV.P. 4(e)(1). However, under the Federal Rules of Civil Procedure service may be effected pursuant to the law of the state in which the district court is located (in this instance Massachusetts) *or* in which the service is effected (in this instance Colorado). *See* FED.R.CIV.P. 4(e). Under Massachusetts law, service of process outside the state may be made "by any form of mail addressed to the person to be served and requiring a signed receipt." MASS. R.CIV.P. 4(e)(3); MASS.GEN.LAWS ANN. ch. 223A, § 6(b) (1985) (service may be made by mail addressed to the person and requiring a signed receipt); *see also United States v. Ayer,* 857 F.2d 881, 887 (1st Cir.1988) (service is proper under Massachusetts law where front desk clerk of apartment building signs return receipt). Feely did not dispute that he received the certified mail addressed to him for which a signed receipt was returned to Polaroid. Therefore, this Court held that under the rules of the Commonwealth of Massachusetts, service of process was effective.

Feely has *in fact* been represented by counsel in this matter since prior to the commencement of the suit. Polaroid notes that this lawsuit was filed in response to cease and desist letters received from the law firm of Cimino & Jirak, counsel for Feely. *See* Complaint Exhs. B and D. Furthermore, although Feely filed his Original Motion *pro se*, the copy of that motion served upon Polaroid arrived in an envelope bearing the return address of Cimino & Jirak. *See* Plaintiff's Opposition to Defendant's Motion for Leave to File Amended Motion to Dismiss or for Change of Venue, Affidavit of Teresa A. Martland, Esq., Exh. A. Nevertheless, regardless of whether or not Feely had retained an attorney, the fact of the matter is that the motion *was* filed *pro se.* Hence, this Court must construe all intendments in Feely's favor. *See Estelle,* 429 U.S. at 106, 97 S.Ct. at 292.[2]

Moreover, shortly before the Motion Session Feely retained new counsel and moved to amend in order fully to argue the personal jurisdiction defense. It is well established that the Court has discretion to allow a motion to amend a motion to dismiss prior to a hearing and decision on the original motion as long as the motion to amend is made in good faith and the adverse party will not be prejudiced. *See MacNeil v. Whittemore,* 254 F.2d 820, 821 (2d Cir.1958) (Rule 12 does not prevent a court in its discretion from permitting a party to expand the grounds of a motion in advance of the hearing); *Britton v. Cann,* 682 F.Supp. 110, 113 (D.N.H.1988) (Devine, C.J.) (party may, at the court's discretion, add additional grounds for dismissal if made in a timely fashion and in good faith); *Martin v. Lain Oil & Gas Co.,* 36 F.Supp. 252, 255 (E.D.Ill.1941) ("The spirit of Rule 12 of the Federal Rules of Civil Procedure ... is opposed to the technical waiver of claimed jurisdictional and procedural rights ... by omission from the motion as originally filed so long as they are thereafter made part of the motion by leave of the court and the entire motion is presented to the court in due time under Rule 12[b]"); 5, 5A WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE 2D §§ 1194, 1389 (1990 & Supp.1995) ("The use of discretion seems especially appropriate if the adverse parties will not be prejudiced by the amendment, or if the amendment is necessary to insure that the case is adjudicated fairly"). In exercise of this discretion, the Court took the issue under advisement and went on to settle the service of process question from the bench. This Court now holds that because Feely, acting *pro se*, mentioned the defense of personal jurisdiction in the title of the Original Motion and because he moved to amend prior to the hearing and a decision on the Original Motion, Feely has not waived the defense of lack of personal jurisdiction.

Polaroid is not prejudiced by this ruling. First, by mentioning personal jurisdiction in the Original Motion, Feely put Polaroid on notice that personal jurisdiction was an issue that could be raised at the Motion Session. Second, by not delving into the merits of the motion at the hearing and by requesting further briefing on the issue, the Court extended every opportunity to Polaroid to argue its opposition to the Amended Motion.[3]

### B. Personal Jurisdiction

Having determined that the defense of lack of personal jurisdiction is not waived, this Court must consider the merits of that defense.

In determining whether there is specific jurisdiction,[4] this Court must consider whether the interactions which give rise to

---

2. The rule of liberal construction applies broadly to submissions by *pro se* litigants. Thus, Polaroid's contention that because Rule 12(h) is not limited by its terms to parties represented by counsel, this Court is not obliged to read all intendments in favor of Feely, is utterly without merit.

3. Although—because of the Court's holding on the personal jurisdiction question—the Court need not address the merits of Feely's improper venue defense, it is worth noting that this defense would, nevertheless, be waived because it was not mentioned by Feely in his Original Motion. Consequently, Feely cannot now raise it for the first time.

4. Feely has not "engaged in continuous and systematic activity, unrelated to the suit, in the forum state." *United Elec. Workers v. 163 Pleasant Street Corp.,* 960 F.2d 1080, 1088 (1st Cir. 1992). Thus, this Court does not have *general* jurisdiction over the defendant.

the litigation form a basis of jurisdiction. *Helicopteros Nacionales de Colombia v. Hall,* 466 U.S. 408, 414–15, 104 S.Ct. 1868, 1872–73, 80 L.Ed.2d 404 (1984). The Court may exercise personal jurisdiction over Feely if: (1) such jurisdiction is authorized by the Massachusetts long-arm statute *and* (2) its exercise comports with the Due Process Clause of the Fourteenth Amendment. *Ticketmaster–NY, Inc. v. Alioto,* 26 F.3d 201, 204 (1st Cir.1994).

*1. The Massachusetts Long–Arm Statute*

▆ The Massachusetts Long–Arm statute states,

A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's (a) transacting business in this commonwealth; ... (c) causing tortious injury by an act or omission in this commonwealth; (d) causing tortious injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this commonwealth.

MASS.GEN.LAWS ANN. ch. 223A, § 3 (West 1976).

In order to fall within subsection (a) of the statute, Feely must have transacted business in Massachusetts *and* Polaroid's claim must have arisen from that transaction. *See Tatro v. Manor Care, Inc.,* 416 Mass. 763, 767, 625 N.E.2d 549 (1994). The term "transacting business" has been liberally construed to include "any purposeful acts ... by an individual whether personal, private, or commercial." *Ealing Corp. v. Harrods Ltd.,* 790. F.2d 978, 982 (1st Cir.1986) (quoting *Ross v. Ross,* 371 Mass. 439, 358 N.E.2d 437 (1976]). The "arising from" requirement has also been read broadly, and is satisfied if a defendant's Massachusetts contacts are the "but for" cause of the plaintiff's injuries giving rise to the cause of action. *See Tatro,* 416 Mass. at 770–71, 625 N.E.2d 549. Thus, to determine whether this cause of action *arises*

*from* Feely's *transacting business* within Massachusetts, this Court must examine whether "but for" any attempts to participate in the Commonwealth's economic life this lawsuit would not have arisen. *See United Elec., Radio and Mach. Workers of America v. 163 Pleasant St. Corp.,* 960 F.2d 1080, 1087 (1st Cir.1992).

Feely's only contacts with Massachusetts are an advertisement in a national trade publication distributed in Massachusetts and the letters sent to Polaroid in Massachusetts demanding that Polaroid cease and desist from using the trade name PROCAM. Feely correctly notes that, by itself, the mere happenstance that a national advertisement for Feely's Colorado camera store circulates in Massachusetts does not amount to "transacting business" in the state. *See Rhodes v. Tallarico,* 751 F.Supp. 277, 278 (D.Mass.1990) (Skinner, J.) (national advertisements that are not aimed specifically at customers from Massachusetts are insufficient to subject a defendant to long-arm jurisdiction in this state); *A–Connoisseur Transportation Corp. v. Celebrity Coach Inc.,* 742 F.Supp. 39, 42 (D.Mass.1990) (Mazzone, J.) (same).

The mailing of a written demand letter charging trademark infringement and threatening litigation *can,* however, in some circumstances, constitute "transacting business" under subsection (a) of the statute. Indeed, in a patent case, the First Circuit has stated that a written demand letter is "clearly a 'purposeful' act by the defendant" and as such will be held to be sufficient to constitute "transacting business"

(1) where the defendant already is conducting or planning some patent-related business activity in the forum, whether directly, by engaging in the manufacture or sale of products, or indirectly, by receiving royalties from a licensee who is so engaged, and (2) where the plaintiff is pursuing a competing line of work there.

*Nova Biomedical Corp. v. Moller,* 629 F.2d 190, 194, 195 (1st Cir.1980). Here, it could be said that the advertisement in the national trade magazine evidences an intent to con-

duct business in the forum which, when combined with the mailing of the demand letter in an attempt to restrict Polaroid from using the trade name in Massachusetts (as elsewhere), constitutes "transacting business" under the statute.

■ Feely argues, however, that even if this Court were to hold that he was "transacting business" in Massachusetts, the cause of action does not *arise out of* such transactions. *See Tatro*, 416 Mass. at 767, 625 N.E.2d 549. Feely contends that the underlying issue in this case—whether Feely's trade name has been infringed by Polaroid—does not arise out of either the advertisement in the national trade magazine or the cease and desist letters sent to Polaroid. Rather, Feely asserts that the cause of action *arises out* of the Patent and Trademark Office's decision (in Washington, D.C.) to grant Polaroid the right to the trademark PROCAM. *See Starline Optical Corp. v. Caldwell*, 598 F.Supp. 1023, 1026 (D.N.J.1984) (cause of action arises not from defendant's contacts with the forum state, but rather from the granting of a patent in Washington, D.C. which one party now claims is invalid); *Unistrut Corp. v. Baldwin*, 815 F.Supp. 1025, 1027 (E.D.Mich.1993) (under Michigan longarm statute, infringement letters do not *cause* the alleged patent infringement that gives rise to the suit). While this Court finds Feely's argument compelling, the First Circuit has stated that "mailing a letter charging infringement ... creates an 'actual controversy' and thus *gives rise to* a cause of action under the Declaratory Judgment Act." *Nova Biomedical*, 629 F.2d at 196 (emphasis added) (citation omitted); *see also Tatro*, 416 Mass. at 770–71, 625 N.E.2d 549 (where a defendant's actions are the "but-for" cause of the litigation, the case falls within the Massachusetts long-arm statute). Thus, under the liberal interpretation given to the Massachusetts long arm statute by the courts of this jurisdiction, it would appear that this Court has long-arm jurisdiction over Feely.[5]

### 2. Constitutional Requirements

■ Inquiry, however, does not end here. *See Nova Biomedical*, 629 F.2d at 192 (jurisdictional questions require a two-part analysis that cannot be collapsed into a single test). Even if Feely's contacts with Massachusetts are the "but-for" cause of this litigation, this Court cannot hear the case unless the exercise of its jurisdiction comports with traditional notions of fair play and substantial justice as required by the Due Process Clause of the Fourteenth Amendment. *See International Shoe Co. v. State of Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945).

In determining whether the exercise of specific jurisdiction is constitutional, the First Circuit has stated that a district court must consider three factors: relatedness, purposeful availment (minimum contacts), and reasonableness. *United Elec. Workers*, 960 F.2d at 1089; *see also Pritzker v. Yari*, 42 F.3d 53, 60–61 (1st Cir.1994).

Several courts have held that the sending of a cease and desist letter, in and of itself, is insufficient to constitute purposeful availment of a forum state. *See Nova Biomedical*, 629 F.2d at 197 (indicating that the sending of an infringement letter alone will rarely be sufficient to satisfy the constitutional standard for exercising personal jurisdiction); *Cascade Corp. v. Hiab–Foco AB*, 619 F.2d 36, 38 (9th Cir.1980) (subjecting a Swedish corporation to personal jurisdiction in Oregon on the basis of cease and desist letters—where Swedish corporation had no officers, agents or employees in Oregon, and Swedish company's products that were sold in Oregon were sold through an independent distributor—would offend traditional notions of fair play and substantial justice); *BIB Mfg. Co. v. Dover Mfg. Co.*, 804 F.Supp. 1129, 1132–33 (E.D.Mo.1992) (subjecting a defendant to the foreign jurisdiction of an alleged infringer simply on the basis of written notice of infringement would offend traditional

---

**5.** Polaroid also argues that the cease and desist order constitutes extortion and thus the commission of tortious acts against Polaroid under sections (c) and (d) of the Massachusetts long-arm statute. Because this Court holds that the exercise of jurisdiction over Feely would be unconstitutional, it need not address the merits of this argument.

notions of fair play and substantial justice); *KVH Indus., Inc. v. Moore,* 789 F.Supp. 69, 73 (D.R.I.1992) (Pettine, J.) (letters asserting patent rights are not meaningful, purposeful contacts for purposes of due process analysis).[6] In this instance, Feely's contacts with the state include not only communications with Polaroid over the trade name PRO-CAM, but also the advertisement in the national trade magazine. Because Massachusetts courts have held that national advertisements not aimed specifically at Massachusetts residents cannot subject a defendant to jurisdiction in this state, see *Rhodes,* 751 F.Supp. at 278; *A–Connoisseur Transportation,* 742 F.Supp. at 42, this Court holds that Feely's aggregate contacts are insufficient to constitute purposeful availment of the laws of Massachusetts.

Furthermore, it would be unfair and unreasonable to require Feely to litigate in this Court. The act of sending an infringement letter is an exercise of Feely's rights under federal trademark law which should not subject Feely to suit in any forum where it happens to find a party allegedly infringing his trade name. *See Zumbro, Inc. v. California Natural Products,* 861 F.Supp. 773, 781 (D.Minn.1994) (exercise of rights under federal law should not subject one to suit in any forum where other party is allegedly violating those rights); *BIB Mfg.,* 804 F.Supp. at 1133 ("the patent laws countenance the sending of written notice of infringement prior to litigation and thus should not subject a patent-holder to jurisdiction in a foreign forum"); *KVH Industries,* 789 F.Supp. at 73 ("[i]t would be unfair and unjust to adopt a rule that to uphold her rights, a patent holder must submit to the jurisdiction of a wrongdoer's forum"). Because Feely's contacts with Massachusetts do not constitute purposeful availment of the forum state, and because it would be unreasonable to force Feely to defend here, the exercise of jurisdiction over this defendant would be unconstitutional.

6. *Cf. Beacon Enterprises, Inc. v. Menzies,* 715 F.2d 757, 766 (2d Cir.1983) (holding that under New York's long-arm statute, "[i]t is difficult to characterize [defendant's] letter alleging in-

## IV. CONCLUSION

For the reasons stated above, Feely's motion to dismiss for lack of personal jurisdiction is *GRANTED.*

fringement in an unspecified locale and threatening litigation in an unspecified forum as an activity invoking the 'benefits and protection of New York law.' ").