**NORTHERN TELECOM INC., Plaintiff and Third-Party Defendant,**

v.

**WANG LABORATORIES, INC., Defendant and Third-Party Plaintiff,**

v.

**NORTHERN TELECOM LIMITED, Third-Party Defendant.**

Civ. A. No. 81–1130–G.

United States District Court, D. Massachusetts.

July 26, 1982.

John J. Curtin, Jr., Anne J. Kopelman, Bingham, Dana & Gould, Jerome P. Facher, Hale & Dorr, Boston, Mass., for Northern Telecom Inc.

Thomas J. Sartory, Boston, Mass., for Northern Telecom Inc. and Northern Telecom Ltd.

Hale & Dorr, Boston, Mass., and George W. Whitney, Brumbaugh, Graves, Donohue & Raymond, New York City, for Northern Telecom Ltd.

Martin Kirkpatrick, Fish & Richardson, Paul F. Ware, Jr., Goodwin, Procter & Hoar, Boston, Mass., for Wang Laboratories, Inc.

## MEMORANDUM AND ORDER GRANTING NORTHERN TELECOM LIMITED'S MOTION TO DISMISS

GARRITY, District Judge.

Plaintiff Northern Telecom Inc. brought this action pursuant to 28 U.S.C. § 1338(a) against Wang Laboratories, Inc., seeking injunctive and monetary relief for alleged infringement of U. S. Letters Patent 3,760,-375. Wang denied NTI's essential allegations, and brought a counterclaim against NTI and its parent, Northern Telecom Limited (NTL), under 28 U.S.C. § 2201, seeking a declaration of title to the patent and a declaration that the patent is invalid, unenforceable and not infringed by Wang. NTL moved to dismiss the counterclaim as against it, or for summary judgment, for failure to state a claim upon which relief may be granted against NTL and for lack of subject matter jurisdiction. NTL's alternative motions present the only matters before the court for decision. Disposition of those motions essentially turns on whether NTL has title to the patent in question. The court allowed Wang a two-month period of discovery directed to that issue, and heard argument on the motions on June 10, 1982. Having done so, we now grant NTL's motions and order the action dismissed as against it.

The Declaratory Judgment Act, under which Wang brings its counterclaim, provides that "[i]n a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration .... 28 U.S.C. § 2201. The plain language of the statute makes clear that, as the First Circuit has found, "[a] declaratory judgment action is not justiciable if it does not present a case or controversy." *Sweetheart Plastics, Inc. v. Illinois Tool Works, Inc.*, 1 Cir. 1971, 439 F.2d 871, 873. The question this action presents, therefore, is whether Wang's counterclaim against NTL presents the requisite "case of actual controversy." Resolution of that question depends on whether NTL owns the patent which is the subject of this proceeding.

NTL contends that it does not now, nor has it ever, held title to the patent. The patent in question was originally issued to Sycor, Inc. in 1973. Sycor subsequently merged with and into Data 100 Corporation on May 31, 1979, and the combined entity became Northern Telecom Systems Corp. (NTSC). Some 19 months later, NTSC merged with and into NTI. NTL contends that title to the patent, and all rights derived from that status, passed from Sycor to NTSC and finally to NTI.

Wang disagrees. It contends that NTL does own the patent. Establishing record title, upon which NTL relies, does not prove ownership, it insists. Moreover, Wang argues that a 1980 R & D Agreement vests ownership in NTL. Wang further contends that NTL has acted in the past as if it did own the patent—by submitting a Draft License Agreement to Wang and others and by threatening suit for infringement.

We do not believe that Wang has established the presence of an actual controversy between it and NTL. The First Circuit interpreted the requirements of an action under 28 U.S.C. § 2201 in a patent suit in *Sweetheart Plastics, Inc. v. Illinois Tool Works, Inc., supra.* First, a charge of infringement is a prerequisite to a finding of justiciability. The requisite charge is liberally construed but plaintiff must show

at least a "reasonable apprehension" of such an allegation of "that it would probably face an infringement suit." *Sweetheart Plastics, Inc. v. Illinois Tool Works, Inc., supra* at 874. Second, "plaintiff must have actually produced or have made active preparation to produce the accused article." *Sweetheart Plastics, Inc. v. Illinois Tool Works, Inc., supra* at 874–75. Although the second jurisdictional requirement has been met here, the first is absent. Wang may have had grounds for a "reasonable apprehension" of an infringement suit in 1980 when attorneys for NTL wrote to Wang asserting NTL's ownership of the '375 patent and offering a Draft License Agreement. It is not so clear that such an apprehension should reasonably have existed, however, on July 17, 1981 when Wang filed its Amended Answer and Counterclaim. Moreover, under the Declaratory Judgment Act the time for determining whether an actual controversy, and thus subject matter jurisdiction, exists is not when the suit is initiated but rather when a court hears argument.[1] *Gordon v. Zwickler*, 1969, 394 U.S. 103, 108, 89 S.Ct. 956, 959, 22 L.Ed.2d 113. By that time, Wang's apprehension should have vanished. NTI, not NTL, brought the infringement suit which triggered Wang's counterclaim. NTL has neither charged, nor threatened to charge, infringement during the pendency of this suit. To the contrary, it has filed numerous papers which deny that it owns the patent or has any right to bring such an action. Accordingly, NTL would be estopped from later suing Wang for patent infringement based on assertions of right inconsistent with the position it has advanced consistently here. See *Hurd v. DiMento & Sullivan, et al.*, 1 Cir. 1971, 440 F.2d 1322, cert. denied, 1971, 404 U.S. 862, 92 S.Ct. 164, 30 L.Ed.2d 105; *Colonial Refrigerated Transportation, Inc. v. Mitchell*, 5 Cir. 1968, 403 F.2d 541, 550.

▮ Even if Wang had met the technical requirements for jurisdiction under 28 U.S.C. § 2201, we would exercise the discretion which that statute allows us not to entertain that suit as against NTL. The Declaratory Judgment Act grants discretion in courts to hear actions within its ambit, but it does not confer an absolute right upon a litigant to be heard. *Public Service Commission v. Wycoff Co.*, 1952, 344 U.S. 237, 241, 73 S.Ct. 236, 239, 97 L.Ed. 291; *Sweetheart Plastics, Inc. v. Illinois Tool Works, Inc., supra* at 875. We see no "useful purpose" in entertaining this action against NTL. See 6A, J. Moore Federal Practice, ¶ 57.20 at 57–216 (2d ed. 1982). The purpose of Wang's counterclaim as against NTL is to preclude NTL from bringing future actions against it for infringement based upon acts which have occurred. Wang has achieved that aim through the litigation on NTL's motions. NTL has consistently maintained throughout this suit that it neither owns nor has any interest in the '375 patent. We conclude, therefore, that it would be equitably estopped from adopting, for purposes of later litigation against Wang, a contrary position. Accordingly, Wang is now secure from that potentiality. To the extent Wang has a broader purpose than that described above, i.e., to the extent it seeks to declare the '375 patent invalid and unenforceable, Wang may pursue that relief through its counterclaim against the purported patentee, NTI. See *Wm. T. Burnett & Co., Inc. v. Tenneco Chemicals, Inc.*, S.D. N.Y.1974, 184 U.S.P.Q. 672; *Medtronic, Inc. v. Mine Safety Appliances Co.*, D.Minn.1979, 468 F.Supp. 1132, 1148. These cases are distinguishable from the present action in some particulars but they do stand for the proposition, relevant to this alternative ground of dismissal, that a court may properly dismiss a declaratory judgment action for declaration of patent invalidity against a parent corporation where the issues involved in the action can be resolved without the parent's presence and where that dismissal imposes no injustice or unfairness on the declaratory plaintiff.

---

**1.** It is conceivable, of course, that a suit might present an actual controversy at the time of hearing, yet not by the time the court actually decides it. We need not address that question since it is not raised here.

Since we dismiss Wang's declaratory judgment action as against NTL for lack of subject matter jurisdiction, we do not reach NTL's motion for summary judgment. See *Bell v. Hood*, 1946, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939.