Whitehead, J.
Background
Plaintiff, Burton Gordon, brings this action against defendant, Donald Page (Page),[1] in his individual capacity, to collect on a judgment which was entered in the Salem District Court against D.C. Page Building, Inc., a corporation in which Donald Page is the principal shareholder. The underlying action in the District Court was one brought by the plaintiff against Donald Page, individually, and “D.C. Page Building, Inc.” to recover damages for breach of contract, negligence, and violations of G.L.c. 93A in connection with a home renovation project. In that action, Page defended in his individual capacity on the ground that all actions which he took in connection with the construction were undertaken by him as agent for the corporation. After trial, the District Court entered judgment in favor of Page, individually, but, against the corporation.
*336 Plaintiff now seeks to collect from Page on the judgment against the corporation. He asserts that circumstances which existed at the time that the construction was undertaken, but which were not discovered until after the judgment entered in the District Court, warrant piercing of the corporate entity and the imposition of liability upon its principal, the defendant Page. He has developed those facts by way of an affidavit and supporting documents, and he has moved for summary judgment.
The defendant Page has countered the motion for summary judgment with a motion to dismiss. He contends that the judgment entered on his behalf in the District Court precludes the bringing of the plaintiffs claim against him here.
For the reasons set forth below, the Court allows the motion to dismiss[2] and, accordingly, does not reach the motion for summary judgment.
Discussion
The motion to dismiss is grounded in principles of res judicata. Res judicata is the generic term for various doctrines by which a judgment in one action has a binding effect in another. Heacock v. Heacock, 402 Mass. 21, 23 n. 2 (1988). Our courts have recognized that “(t]he doctrine [ ] of res judicata . . . [is] most important in assuring that judgments are conclusive, thus avoiding relitigation of issues that were or could have been raised in the original action . . .” Anderson v. Phoenix Inv. Counsel of Boston, Inc., 387 Mass. 444, 449 (1982). Application of the doctrine may serve to “relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication.” Id, quoting Allen v. McCurry, 449 U.S. 90, 94 (1980).
The concept of “res judicata” encompasses both the doctrine of “claim preclusion” and the doctrine of “issue preclusion.” Heacock v. Heacock, supra at 23 n.2. “ ‘Claim preclusion’ is the modern term for the doctrines traditionally known as ‘merger’ and ‘bar’ and prohibits the maintenance of an action based on the same claim that was the subject of an earlier action between the same parties or their privies. ‘Issue preclusion’ is the modern term for the doctrine traditionally known as ‘collateral estoppel,’ and prevents relitigation of an issue determined in an earlier action where the same issue arises in a later action, based on a different claim, between the same parties or their privies.” Heacock, supra. See Cousineau v. Laramee, 388 Mass. 859 (1983); Anderson v. Phoenix Inv. Counsel of Boston, Inc., supra; Foster v. Evans, 384 Mass. 687, 694-96 (1981).
“The doctrine of claim preclusion makes a valid, final judgment conclusive on the parties and their privies, and bars further litigation of all matters that were or should have been adjudicated in the action.” Heacock v. Heacock, supra at 23 (emphasis added). See Willett v. Webster, 337 Mass. 98, 102 (1958). Thus, for example, in Saint Louis v. Bay state Med. Center, Inc., 30 Mass.App.Ct. 393 (1991), the Court indicated that claims asserted in a civil action were barred by principles of res judicata where all issues raised in the complaint had been raised, or could have been raised, in a prior action; where no party involved in the later action was absent from the prior one; and where the claims in both actions were derived from the same transactions or series of connected transactions.
In the present case, the parties before this Court were both before the District Court at the time of the underlying District Court action. The claim here arises out of the same transaction as the District Court claims. The issue of piercing the corporation entity to reach Page individually is clearly one which should have been raised in the District Court. That being so, the District Court judgment in favor of Page precludes the current claim.
The plaintiff points out that “(t]he doctrine of res judicata is an equitable one, and a Court is not bound to give res judicata effect to a previous judgment if an inequitable situation would thereby result.” Walsh v. International Longshoremen's Associates, 630 F.2d 864, 875 (1st Cir. 1980), citing Sweethart Plastics v. Illinois Tool Works, 439 F.2d 871 (1st Cir. 1971). He contends that just such a situation would occur here. In that regard, he asserts that by way of statements which Page made in pleadings and at trial in the District Court, Page misled plaintiff and caused him to believe that no basis existed for piercing the corporate entity.
It is true that fraud, concealment or misrepresentation by a defendant relative to facts on which a claim might have been brought, but was not brought, may exempt that claim from the preclusive effect of a judgment otherwise entered in favor of the defendant. See Restatement (Second) of Judgments, §26, comment (j). During oral argument on the instant motions, the Court expressed the view that the submissions of the plaintiff perhaps established the existence of such fraud, misrepresentation or concealment here. However, upon further review of the submissions, the Court concludes otherwise. The only outright misrepresentation which Page made in the District Court was that D.C. Page Building, Inc. was a Massachusetts corporation. In fact, it was a New Hampshire corporation. In all other respects, the statements made by Page were not inconsistent with those which he made during discovery in the present action. Essentially, the factual issues which are relevant to piercing the corporate entily appear not to have been touched upon during the District Court proceeding. Under those circumstances, this Court cannot say that any material misrepresentation occurred sufficient to exempt from the operation of principles of res judicata is no basis for exempting that the plaintiffs claim for piercing the corporate entity.
*337 The Court’s decision here does not leave the plaintiff wholly without a remedy if he continues to believe that a claim for piercing the corporate entity should lie. Although the time prescribed by M.R.Civ.P. 60(b) for moving to vacate the District Court judgment based upon newly discovered evidence has passed, the plaintiff may still be permitted to bring a separate action to set aside the judgment on that ground. See Reporter’s Notes to Rule 60(b). If the judgment is set aside, the issue of the personal liability of Page may be presented anew.
In any event, this action must be dismissed.
ORDER
It is hereby ORDERED that the motion to dismiss be ALLOWED. No action is necessary on the plaintiffs motion for summary judgment.[1]

The caption on the complaint also lists “D.C. Page Building, Inc." as a defendant. However, the corporation is not named as a defendant in the body of the complaint, no relief is sought against the corporation, and the corporation is not listed in the caption on documents subsequently filed.

The motion to dismiss is based upon facts contained in a supporting affidavit and in the affidavit submitted on behalf of the plaintiff. Thus, it is perhaps more appropriately viewed as a cross-motion for summary judgment.