DAVIS, Circuit Judge,
dissenting:
The majority states, “The dissent does not even believe Riley was sued in state court for a violation of the Lanham Act.” Maj. Op. at 404. To the contrary, I absolutely do believe, despite Dozier’s best efforts to disguise it, that Dozier asserted a Lanham Act claim in his state court complaint.[1] Dozier will be surprised to learn that the entire panel rejects his contention that he did not assert a Lanham Act claim in his state court complaint. See Maj. Op. at 405 (“[Tjhere are literally hundreds of state court cases adjudicating Lanham Act claims.”).[2] This is because Dozier has unremittingly insisted that he did not assert a federal law claim in his state court complaint. See Mem. in Supp. Mot. to Remand (Docket No. 13), Dozier Internet Law, P.C. v. Riley, Civil No. 3:08cv0643 (HEH)(E.D.Va.) (“[Dozier] has asserted *407 only a state trademark claim and does not possess any federally registered trademark. As such, this Court would lack jurisdiction.”); see also Appellee’s Br. at 1-2 (“Despite Riley’s repeated contentions that [Dozier] had stated claims [in the state court action] under ‘federal law,’ [he] has not.”) (alterations added).
Similarly, Dozier asserts here, quite remarkably, that Riley did not allege a federal claim under the Lanham Act in this case. See Appellee’s Br. at 1 (“The Trial Court Correctly Held That There Was No Federal Question At Issue”); id. at 2 (“Riley refers to one letter [written by Dozier] and alleges that the language implicitly invokes federal law because it mentions the words “contributory trademark infringement.” ... This is not so.”); id. at 4 (“Under any interpretation of the facts and applicable law, the Court below correctly held that no federal question was present and as such prudently declined jurisdiction on this ground.”). This alleged lack of a federal claim was the very basis upon which Dozier prevailed in the district court in persuading the district court to remand the state court action and to dismiss this action. Yet, the majority rummages through its treasure chest of abstention doctrines to find a basis on which to affirm the district court. Respectfully, I dissent.
I.
This case presents a dust-up over the operation of on-line “gripe sites” aimed at Dozier, a Virginia lawyer, by Riley, a self-professed Michigan entrepreneur. Dozier delivered somewhat over-heated complaint letters to Riley’s Internet Service Providers (“ISPs”) threatening legal action against them for alleged libelous material and trademark infringement appearing on these “gripe sites.” Accompanying the letters was the Virginia state court complaint that Dozier had filed against Riley for trademark infringement, seeking damages and injunctive relief. Dozier pointedly limited his damages claim to less than the $75,000 jurisdictional amount for diversity of citizenship jurisdiction. He also sought to allege his “statutory” trademark infringement claim in a sufficiently vague manner so as to defeat removal on the basis of federal question jurisdiction, i.e., as if the claim arose solely under Virginia law. See supra note 1.
Notably, Dozier delayed serving process in the state court action, no doubt in an effort to impede removal of the case to federal court by Riley. Nevertheless, when Riley obtained a copy of the un-served state court complaint from one of his ISPs, he filed a timely notice of removal and removed the case to the United States District Court for the Eastern District of Virginia. Given Dozier’s transparent attempt to disguise his Lanham Act claim, Dozier filed this contemporaneous original action as a protective step to respond to Dozier’s apparent cunning. With respect, in its criticism of Riley for both removing the state case and filing this protective action, the majority mistakes good lawyering for “procedural fencing.”
Both actions were assigned to the same district judge. Dozier moved to (1) remand the removed action for lack of subject matter jurisdiction and (2) dismiss this action for lack of subject matter jurisdiction or, in the alternative, abstain. Riley argued in the removed case that federal jurisdiction existed on the basis of diversity of jurisdiction, insisting that the facile limitation in Dozier’s ad damnum clause should not obscure the fact that the amount in controversy, including, inter alia, the value of the injunction sought by Dozier, clearly exceeded the jurisdictional minimum. Riley also argued that federal question jurisdiction existed based on the Lanham Act claim. In this case, Riley similarly argued that there clearly existed *408 federal question jurisdiction as well as diversity of citizenship jurisdiction.
Beguiled by Dozier, the district court stumbled into three legally erroneous conclusions: (1) the state case was non-removable under 28 U.S.C. § 1441 for lack of the requisite amount in controversy and for lack of a federal claim; (2) the instant case likewise did not satisfy the amount in controversy requirement and did not present a federal question; and finally, as a seeming afterthought, mentioned only in a footnote, (3) under Burford v. Sun Oil Co., 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943), abstention was appropriate even “assuming” there is federal subject matter jurisdiction.[3] Thus, in brief orders, the district court remanded the state case, dismissed this case, and denied a motion for reconsideration.[4]
Of course, the district court’s erroneous remand of the removed case is unreviewable in this court. See 28 U.S.C. § 1447(d) (“An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise”). Rather than accepting defeat quietly and fighting things out with Dozier in state court (where, as of the time of oral argument in this case, there had been no progress whatsoever, and where there will likely be extensive proceedings regarding personal jurisdiction over Riley, a Michigan citizen), Riley has invited our appellate review of the machinations described above.
Clearly, it is only because Dozier acted so strenuously to defeat the removal of what was clearly a removable case within the subject matter jurisdiction of the federal courts, as the majority now attests, that Riley has found it necessary to jump through so many hoops. Nevertheless, I accept (as I must) the non-reviewability of the district court’s remand of the state court action. But, unlike the majority, I would not give Dozier a windfall by affirming on an “alternative ground” the erroneous dismissal of this case on the ground of lack of subject matter jurisdiction. In its cursory afterthought, the district court purported to dismiss the case, in the alternative, on the ground of “abstention” under an abstention doctrine, see Burford, that the majority correctly abjures. Still, the majority rescues the district court’s erroneous ruling by substituting its own version of “discretion” for the district court’s erroneous legal determination.
II.
Tellingly, the majority’s opinion does not forthrightly address the district court’s primary reason for dismissing this case— lack of subject matter jurisdiction. The district court erred in dismissing the case because the complaint sufficiently pled a federal question. Moreover, the district *409 court did not commit a mere “abuse of discretion” in declining to assert jurisdiction over Riley’s request for declaratory relief on Bwrford abstention; it committed legal error. See swpra nn. 4 & 5.
A.
As grudgingly as the majority quietly concedes the point, let it be clear that there is federal question jurisdiction in this case based on the Lanham Act, just as there was federal question removal jurisdiction in the remanded case. Gully v. First Nat’l Bank, 299 U.S. 109, 112-13, 57 S.Ct. 96, 81 L.Ed. 70 (1936) (“[A] right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiffs cause of action.”); Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152, 29 S.Ct. 42, 53 L.Ed. 126 (1908); King v. Marriott Int’l, Inc., 337 F.3d 421, 424 (4th Cir.2003) (quoting Taylor v. Anderson, 234 U.S. 74, 75-76, 34 S.Ct. 724, 58 L.Ed. 1218 (1914)). As we have previously stated, “[ijnjunctive relief is available under the Lanham Act in proper circumstances, 15 U.S.C. § 1116, and declaratory relief is available under the Declaratory Judgment Act, 28 U.S.C. § 2201.” Gibraltar, P.R., Inc. v. Otoki Group, 104 F.3d 616, 618 (4th Cir.1997) (Wilkinson, J.). A declaratory judgment plaintiff need only show a “reasonable apprehension” of being sued for infringement under the Lanham Act in order to invoke federal jurisdiction. J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 32:51 (4th ed. 2010) (hereinafter McCarthy.)
Here, Riley’s complaint has sufficiently pled a cause of action under the Lanham Act. Paragraph 2 of the complaint, which includes the statement of jurisdiction, invokes the Lanham Act, 15 U.S.C. § 1121. J.A. 4. In fact, during oral argument, Dozier admitted that he had registered the name “Dozier Internet Law, P.C.” with the United States Patent and Trademark Office (“the USPTO”). This name is trademarked under Registration No. 3575012. Dozier filed the application on January 28, 2008, and the mark was registered on February 17, 2009. Although Riley filed the present suit before Dozier’s mark was officially registered (but after Dozier filed the application), Dozier’s current ownership of a federal trademark sufficiently creates a threat of a federal suit, thereby satisfying the requirements of the Declaratory Judgment Act.[5] Even if it were true that Dozier has not sued Riley under federal law,
The purpose of declaratory judgment is to afford an added remedy to one who is uncertain of his rights and who desires an early adjudication thereof without having to wait until his adversary should decide to bring suit, and to act at his peril in the interim. The purpose of federal declaratory judgment in trademark cases is almost identical to that in patent cases, where declaratory judgment litigation is quite common.
McCarthy § 32:50 (citing McGraw-Edison Co. v. Preformed Line Products Co., 362 F.2d 339 (9th Cir.1966), cert. denied, 385 U.S. 919, 87 S.Ct. 229, 17 L.Ed.2d 143 (1966) (patent case)). With this in mind, the Second Circuit has found an actual controversy even though the defendant’s CFO testified that his company had no present intentions to file a federal trademark infringement suit against the declaratory judgment plaintiff. Starter Corp. v. Converse, Inc., 84 F.3d 592 (2d Cir.1996).
*410 Our sister circuits have also reversed district courts that have dismissed trademark declaratory judgment actions where the plaintiffs had reasonable apprehension of being sued. See, e.g., Rhoades v. Avon Prods., Inc., 504 F.3d 1151 (9th Cir.2007) (finding sufficient apprehension of imminent suit after the party seeking trademark registration with the USPTO made threats of litigation on the heels of unsuccessful negotiations); Surefoot, LC v. Sure Foot Corp., 531 F.3d 1236 (10th Cir.2008) (finding sufficient apprehension of imminent suit after owner of trademark repeatedly accused infringement and occasionally threatened litigation).
Here, Riley’s situation was more perilous, inasmuch as Dozier had already (1) threatened Riley’s ISPs with litigation and (2) Dozier had fried a trademark infringement suit against Riley for prior versions of the same website.[6] Indisputably, Riley properly brought suit for declaratory judgment of non-infringement under the Lanham Act in the Eastern District of Virginia. Thus, the district court erred in dismissing this case based on lack of jurisdiction.
B.
The district court also committed legal error in grounding its dismissal in Bwtford abstention. The majority does not dispute this. Contrary to the majority’s elastic application of the Kapiloff factors, which are particularly relevant in diversity cases as “guideposts” for the exercise of a district court’s discretion, see 155 F.3d at 493-94, this case presents substantial federal claims.[7] Under the circumstances here, we should hew to our long-held view that “[ajbstention remains the exception and the exercise of congressionally mandated jurisdiction remains the rule.” Johnson v. Collins Entm’t Co., 199 F.3d 710, 722 (4th Cir.1999) (Wilkinson, J.). The majority’s rescue mission is undertaken in the face of the Supreme Court’s clear recognition that a district court’s exercise of discretion to abstain from adjudicating a declaratory judgment action in a federal question case may well involve special considerations not fully captured by Brillhart and Wilton:
[W]e conclude that Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942), governs this declaratory judgment action and that district courts’ decisions about the propriety of hearing declaratory judgment actions, which are necessarily bound up with their decisions about the propriety of granting declaratory relief, should be reviewed for abuse of discretion. We do not attempt at this time to delineate the outer boundaries of that discretion in other cases, for example, cases raising issues of federal law or cases in which there are no parallel state proceedings.
Wilton, 515 U.S. at 289-90, 115 S.Ct. 2137 (emphasis and alteration added). I would not get out ahead of the Supreme Court as the majority does here.
III.
I recognize that the disposition here is nonprecedential under our rules. Still, I fear that we provide an incentive to coun *411 sel seeking abstention to cite to the district courts the full panoply of abstention doctrines in any case.[8] Thereafter, having been provided with the full menu, a district court can make a selection, whether or not correct under settled law, and counsel can defend a ruling to abstain by offering this court the opportunity to select whatever abstention doctrine fits the court’s fancy. Kwpiloff abstention, in particular, unm-oored from the considerations which animated its creation in the context of insurance coverage disputes arising in diversity of citizenship cases, will surely become known as “Catch-all Abstention.”
I would reverse and remand this case to the district court to afford it an opportunity to exercise an informed discretion, that is, with an understanding that federal jurisdiction here is not doubtful, and to permit it to apply its discretion whether to stay rather than dismiss this case pending further proceedings in the state action. Cfi, e.g., Front Royal and Warren County Indtis. Park Corp. v. Town of Front Royal, 945 F.2d 760 (4th Cir.1991), cert. denied, 508 U.S. 937, 112 S.Ct. 1477, 117 L.Ed.2d 620 (1992).

. The complaint Dozier filed in state court in Virginia did not expressly invoke the Lanham Act and Dozier purported to assert only claims for "statutory and common law" trademark infringement, citing no specific statutory basis — federal or state — for the "statutory” claim. As the majority's allusion to "hundreds of state court cases adjudicating Lanham Act claims" shows, however, he in fact alleged all the elements of a federal claim in his state court complaint, and his failure to cite to the federal statute is not dispositive. See Albert v. Carovano, 851 F.2d 561, 571 n. 3 (2d Cir.1988) ("The failure in a complaint to cite a statute, or to cite the correct one, in no way affects the merits of a claim. Factual allegations alone are what matters.”). Riley properly removed the state case on the basis of federal question jurisdiction.

. Of course, this statement confirms that we are in agreement that Dozier stated a federal claim in his state court complaint. And, Congress knows how to preclude removal of a federal claim when it wishes to do so. See 28 U.S.C. § 1445(a).

. In '‘assuming” the existence of subject matter jurisdiction, the district court seems clearly to have assumed diversity of citizenship subject matter jurisdiction rather than federal question subject matter jurisdiction. See J.A. 261 ("Even assuming that the amount in controversy in this case exceeds $75,000, the Court must abstain from exercising jurisdiction over Plaintiff's claims.”) (emphasis added). See also infra n. 5.

. Strikingly, in keeping with its view that it lacked subject matter jurisdiction, the district court stated that it “must ... decline to adjudicate this case” under Burford. J.A. 208 (emphasis added). Thus, it is highly questionable whether the district courL engaged in an actual exercise of discretion. A failure to exercise discretion may be treated as an error of law and reviewed de novo. E.g., Garrett v. City and County of San Francisco, 818 F.2d 1515, 1518 n. 3 (9th Cir.1987) ("Because the district court did not exercise its discretion, the issue of whether or not it should have presents a legal question which is subject to de novo review.”); Iglesias v. Mukasey, 540 F.3d 528, 531 (7th Cir.2008); Richmond v. Brooks, 227 F.2d 490, 492 (2d Cir.1955).

. The First Circuit has even held that a cease and desist letter from the owner of an unregistered mark that mentions only state — not federal — law, sufficiently creates a reasonable apprehension of suit of infringement under the Lanham Act. PHC, Inc. v. Pioneer Healthcare, 75 F.3d 75 (1st Cir.1996).

. The parties conceded during oral argument that Riley's declaratory judgment action asserted here does not deal with the same websites at issue in the Virginia case, and that Dozier is a party in his individual capacity in this case but not in the state case. Manifestly, the similarities between the two cases are not nearly as overlapping as the majority suggests.

. The cases cited by the majority in which the Kapiloff criteria are applied and abstention was sustained are diversity cases. See, e.g., New Wellington, 416 F.3d at 292; Centennial Life, 88 F.3d at 256.

. See generally Railroad Comm’n v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941); Burford v. Sun Oil Co., 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943); Colorado River Water Conser. Dist. v. United States, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976); Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); and United Capitol Ins. Co. v. Kapiloff, 155 F.3d 488, 493 (4th Cir.1998).